PRISONER'S CIVIL RIGHTS COMPLAINT     (Rev. 12/2023)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE ___WESTERN___ DISTRICT OF TEXAS
### ___SAN ANTONIO___ DIVISION

**FILED**

JUN 1 8 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

**MARK JOSEPH BOVAIRD, TDCJ # 02581405**
Plaintiff's Name and ID Number

Garza. East Unit, Beeville, Texas (TDCJ)
Place of Confinement

CASE NO.
SA26CA3801FB
Clerk will assign the number

v.

**Guadalupe County, Texas; Sheriff Joshua Ray;**
Defendant's Name and Address

**Robert Hernandez; TK Health Care, Inc.;**
Defendant's Name and Address

**Deputy Wissel; Corporal "Big" Brooks; and Unknown Medical Personnel.**
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES **X** NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: N/A

        2.  Parties to previous lawsuit:

            Plaintiff(s) N/A

            Defendant(s) N/A

        3.  Court: (If federal, name the district; if state, name the county.) N/A

        4.  Cause number: N/A

        5.  Name of judge to whom case was assigned: N/A

        6.  Disposition: (Was the case dismissed, appealed, still pending?) N/A

        7.  Approximate date of disposition: N/A

II.    PLACE OF PRESENT CONFINEMENT: Garza East Unit, 4304 Highway 202, Beeville, Texas 78102

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?        X YES    NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

* A citizen complaint concerning these matters was signed for and received by Sheriffs Office on 5-11-26 at ~9am. As of the date of filing this lawsuit, no contact

IV.    PARTIES TO THIS SUIT: or response has been received from them. See Attached.

A. Name and address of plaintiff: Mark Joseph Bovaird, TDCJ # 02581405, Garza East Unit, 4304 Highway 202

Beeville, Texas 78102-8998

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Guadalupe County, Texas, 2617 N. Guadalupe Street, Seguin, Texas 78155

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Maintained customs, policies, and practices causing delayed medical care and unconstitutional conditions of confinement. **See attached Original Complaint.**

Defendant #2: Sheriff Joshua Ray, Guadalupe County Sheriff's Office, Texas, 2617 N. Guadalupe Street, Seguin, Texas 78155

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Final policymaker responsible for jail operations, supervision, and customs described in the complaint. **See attached Original Complaint.**

Defendant #3: Robert Hernandez, Guadalupe County Adult Detention Center, Texas, 2617 N. Guadalupe Street, Seguin, Texas 78155

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Jail administrator responsible for supervision, training, and practices relating to detainee medical care. **See attached Original Complaint.**

Defendant #4: TK Health Care, Inc. (f/k/a Turn Key Health Clinics, LLC), c/o Corporation Service Company d/b/a CSC - Lawyers Incorporating Service 211 E. 7th Street, Suite 620, Austin, TX 78701-3218

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Contracted medical provider responsible for detainee medical care at Guadalupe County Jail. **See attached Original Complaint.**

Defendant #5: Deputy Wissel, Guadalupe County Adult Detention Center, Texas, 2617 N. Guadalupe Street, Seguin, Texas 78155

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Participated in unsafe transport incident causing Plaintiff's July 3, 2024 injuries. **See attached Original Complaint.**

3

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

See attached Original Complaint for complete statement of claims and supporting factual allegations. This action arises from repeated denial and delay of medical care, unsafe custodial practices, and unconstitutional conditions of confinement occurring at the Guadalupe County Adult Detention Center between July 2024 and July 2025.

## VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff seeks compensatory damages, punitive damages, declaratory relief, costs, and all additional relief to which Plaintiff may be entitled.

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Mark Joseph Bovaird, Marc Bovaird

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ # 02581405

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? _____ YES **X** NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A

2. Case number: N/A

3. Approximate date sanctions were imposed: N/A

4. Have the sanctions been lifted or otherwise satisfied? **N/A** _____ YES _____ NO

C.  Has any court ever warned or notified you that sanctions could be imposed?        _____ YES **X** NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that issued warning (if federal, give the district and division): N/A

2.  Case number: N/A

3.  Approximate date warning was issued: N/A

Executed on: 6-10-26
            DATE

_____
Mark J. Bovcard
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____ 10th _____ day of _____ June _____, 20 26 .
              (Day)                    (month)              (year)

_____
Mark J. Bovard
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK JOSEPH BOVAIRD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| GUADALUPE COUNTY, TEXAS; | § | |
| SHERIFF JOSHUA RAY, in his individual | § | |
| capacity; and official capacity. | § | |
| ROBERT HERNANDEZ, in his individual | § | |
| capacity; and official capacity, | § | |
| TK HEALTH CARE, INC.; | § | |
| DEPUTY WISSEL, in his individual capacity; | § | |
| CORPORAL "BIG" BROOKS, in his | § | |
| individual capacity; and | § | |
| JOHN/JANE DOE MEDICAL PERSONNEL, | § | |
| whose identities are presently unknown, | § | |
| | § | |
| Defendants. | § | |

## VERIFIED ORIGINAL COMPLAINT
## FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mark Joseph Bovaird files this Original Complaint pursuant to 42 U.S.C. § 1983 complaining of violations of rights secured by the Constitution of the United States and, in support thereof, respectfully states as follows:

## I. INTRODUCTION

1.   This is a civil-rights action arising from repeated constitutional violations committed against Plaintiff while confined at the Guadalupe County Adult Detention Center in Seguin, Texas.

- 1 -

2. Plaintiff suffered two major injury incidents while housed at the jail, consisting of a traumatic transport-related injury occurring on or about July 3, 2024, and a subsequent slip incident occurring on or about July 19, 2025.

3. Following both incidents, Plaintiff repeatedly requested medical assistance, reported severe and worsening symptoms, and submitted numerous written sick-call requests seeking treatment.

4. Despite repeated notice of Plaintiff's serious medical condition, Defendants repeatedly delayed, denied, obstructed, and interfered with Plaintiff's access to medical evaluation and treatment.

5. Plaintiff alleges that jail personnel and medical staff routinely responded to serious medical complaints by advising inmates they had merely been "added to the doctor's list," while failing to provide timely medical evaluation or meaningful treatment.

6. Plaintiff further alleges that non-medical jail personnel exercised substantial control over detainee access to physicians and medical care.

7. Plaintiff alleges that Defendants maintained customs, policies, practices, or usages demonstrating deliberate indifference to serious medical needs, permitting serious medical conditions to go untreated, allowing non-medical jail staff to interfere with access to care, and failing to adequately train and supervise personnel responsible for detainee medical care.

8. As a result of Defendants' conduct, Plaintiff suffered severe pain, prolonged untreated medical conditions, neurological symptoms, mobility impairment, emotional distress, and continuing physical injury.

9. Plaintiff alleges that Defendants' conduct constituted objectively unreasonable conduct, deliberate indifference, and reckless disregard for Plaintiff's constitutional rights and serious medical needs.

## II. JURISDICTION AND VENUE

10. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

11. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

12. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because the acts and omissions giving rise to this lawsuit occurred in Guadalupe County, Texas.

## III. PARTIES

13. Plaintiff Mark Joseph Bovaird is presently incarcerated within the Texas Department of Criminal Justice.

14. During the events giving rise to this lawsuit, Plaintiff was confined at the Guadalupe County Adult Detention Center.

15. At the time of the July 3, 2024 incident, Plaintiff was a pretrial detainee protected under the Fourteenth Amendment.

16. At the time of the July 19, 2025 incident, Plaintiff was a convicted prisoner protected under the Eighth Amendment.

17. Defendant Guadalupe County, Texas is a local governmental entity responsible for operation of the Guadalupe County Adult Detention Center.

18. Defendant Sheriff Joshua Ray was, at all relevant times, the Sheriff of Guadalupe County and final policymaker for jail operations, detention practices, inmate safety, and jail supervision.

Upon information and belief, Sheriff Ray was responsible for establishing, implementing, overseeing, and enforcing policies, customs, and practices governing detainee medical care and access to treatment. He is sued in his individual capacity.

19. Defendant Robert Hernandez was, at all relevant times, the Jail Administrator for the Guadalupe County Adult Detention Center and exercised supervisory authority over detention personnel, inmate operations, and daily jail administration. Upon information and belief, Hernandez was responsible for supervising detention staff and ensuring compliance with policies governing detainee medical care, emergency response, and access to treatment. He is sued in his individual capacity.

20. Defendant TK Health Care, Inc. f/k/a Turn Key Health Clinics, LLC ("TK Health") was, upon information and belief, the contracted medical provider responsible for furnishing medical services at the Guadalupe County Adult Detention Center during the events described herein. TK Health may be served through its registered agent for service of process in Texas, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

21. Upon information and belief, TK Health maintained authority to establish, implement, supervise, and enforce policies, customs, practices, and procedures governing the provision of medical care to detainees housed at the Guadalupe County Adult Detention Center.

22. Defendant Deputy Wissel was a detention officer employed at the Guadalupe County Jail and participated in the July 3, 2024 transport incident. He is sued in his individual capacity.

23. Defendant Corporal "Big" Brooks was a supervisory detention officer employed at the Guadalupe County Jail and participated in denying Plaintiff mobility assistance and delaying

Plaintiff's access to medical care during the July 2025 incident. He is sued in his individual capacity.

24. Plaintiff further sues John/Jane Doe Medical Personnel whose identities are presently unknown but who participated in the acts and omissions described herein.

25. Plaintiff is presently unaware of the identities of certain nurses, medical personnel, and other healthcare providers who personally participated in, approved, observed, delayed, denied, or interfered with Plaintiff's medical care. Plaintiff intends to amend this Complaint to substitute their true names once discovery reveals their identities.

26. At all relevant times, Defendants acted under color of state law.

## IV. FACTUAL BACKGROUND

### A. July 3, 2024 Transport Incident

27. On or about July 3, 2024, Plaintiff was being transported while restrained in waist chains and ankle restraints.

28. Plaintiff was directed into a transport vehicle that Plaintiff understood to be a former animal-control or "dog" transport van.

29. The transport area and vehicle lacked adequate safety conditions, including insufficient lighting, inadequate visibility, lack of reflective warnings, and a low doorway inside the transport vehicle.

30. Plaintiff was not properly guided, warned, or assisted into the transport vehicle despite being restrained, unable to safely stabilize himself, and dependent upon detention staff for safe entry into the vehicle.

31. Defendant Deputy Wissel failed to assist or guide Plaintiff into the vehicle despite the obvious risks created by Plaintiff's restraints and the unsafe transport conditions.

- 5 -

32. The low clearance of the transport vehicle doorway, Plaintiff's waist chains and ankle restraints, and Plaintiff's resulting inability to safely stabilize himself were open and obvious conditions readily observable to Defendant Wissel.

33. Despite the readily apparent risk that a restrained detainee could strike the doorway or fall while entering the vehicle, Defendant Wissel failed to provide a warning, guidance, physical assistance, or other reasonable safety measures.

34. As Plaintiff attempted to enter the vehicle, Plaintiff struck his head on the low doorway and fell from approximately the second step of the vehicle onto his left side.

35. Plaintiff immediately experienced severe pain, head trauma, breathing difficulty, spinal pain, neck pain, rib pain, and temporary loss of consciousness.

36. Plaintiff was transported to Guadalupe Regional Medical Center for emergency medical evaluation.

37. Plaintiff received treatment including diagnostic imaging and placement of staples in his scalp.

38. Following the incident, Plaintiff continued experiencing severe pain, headaches, blurred vision, breathing problems, neurological symptoms, memory problems, mobility difficulties, and ongoing physical deterioration.

39. Plaintiff repeatedly submitted sick-call requests seeking medical care and follow-up treatment following the incident.

40. Plaintiff submitted two sick-call requests on the same day he returned from Guadalupe Regional Medical Center.

41. Hospital discharge instructions directed monitoring of Plaintiff's wound, staple removal within seven to ten days, follow-up medical evaluation, and return for worsening symptoms.

42. Jail personnel and jail medical staff were aware of these discharge instructions.

43. Despite such instructions, Plaintiff's wound was not regularly monitored or inspected.

44. Staple removal was delayed beyond the recommended timeframe.

45. Plaintiff repeatedly advised medical staff that his symptoms were worsening.

46. Plaintiff repeatedly requested medical evaluation but was routinely advised only that he had been "added to the doctor's list."

47. Plaintiff alleges that this response became a recurring practice utilized by jail medical staff despite obvious and worsening medical symptoms.

48. Plaintiff further requested access to his medical records and diagnostic imaging.

49. Plaintiff was repeatedly denied access to such materials.

50. Plaintiff was advised by medical personnel identified as "M. Jahns" that Plaintiff would need to obtain a lawyer in order to access his X-rays and related medical records.

51. Plaintiff continued suffering severe untreated symptoms for an extended period following the July 3, 2024 injury.

**B. Repeated Delays and Medication Problems**

52. Throughout the period following the July 3, 2024 injury, Plaintiff repeatedly complained of severe pain, breathing problems, spinal pain, mobility limitations, and neurological symptoms.

53. Plaintiff repeatedly advised jail medical staff that he remained in severe and debilitating pain.

54. Plaintiff further alleges that prescribed medications were routinely permitted to expire or lapse without timely renewal, causing inmates, including Plaintiff, to endure prolonged untreated pain while awaiting renewed physician authorization.

55. Plaintiff alleges that these delays frequently resulted in inmates going without necessary medication for extended periods.

56. Plaintiff alleges that he personally experienced repeated medication interruptions and prolonged untreated pain as a result of these practices.

57. Plaintiff further alleges that nurses conducting medication rounds repeatedly observed Plaintiff's deteriorating condition and continuing pain.

58. Despite repeated notice of Plaintiff's condition, timely evaluation and treatment were not provided.

## C. July 19, 2025 Slip Incident

59. On or about July 19, 2025, Plaintiff suffered a second major injury incident while still housed at the Guadalupe County Jail.

60. Prior to the incident, Plaintiff was already experiencing substantial medical problems and mobility limitations resulting from the July 3, 2024 injury.

61. Plaintiff slipped due to standing water that had not been properly cleaned up.

62. Following the incident, Plaintiff experienced sudden severe dysfunction in his left leg and was unable to safely bear weight or ambulate.

63. Plaintiff verbally reported the incident and his condition to jail personnel.

64. Plaintiff submitted an electronic sick-call request at approximately 3:31 p.m. reporting severe and incapacitating leg pain.

65. The request was later closed with a response advising Plaintiff only that he had been "added to the doctor's list."

66. Plaintiff remained unable to safely walk for multiple days following the incident.

67. Plaintiff was later informed that he was "next" to see the doctor.

68. Plaintiff advised jail personnel that he could not safely walk to the medical department.

69. Plaintiff requested wheelchair assistance and other mobility accommodations.

70. Defendant Corporal "Big" Brooks denied Plaintiff wheelchair assistance without medical evaluation.

71. Defendant Brooks further informed Plaintiff that if Plaintiff wished to receive medical care, Plaintiff would be required to walk to the medical department despite Plaintiff's visibly impaired condition.

72. Plaintiff repeatedly advised staff that he could not safely ambulate and feared further injury.

73. Plaintiff nevertheless remained without timely medical evaluation for approximately five days.

74. During this period, nursing staff conducted medication rounds in Plaintiff's housing area twice daily.

75. Plaintiff alleges that nurses repeatedly observed Plaintiff's inability to safely walk, visible impairment, and severe pain.

76. Despite these repeated observations, timely medical evaluation was not provided.

77. Plaintiff further alleges that jail officers exercised substantial control over when and whether inmates were permitted to see physicians.

78. Plaintiff was informed that no staff would come to evaluate him in his housing area.

79. Plaintiff was ultimately evaluated by a physician on or about July 23, 2025.

80. Following that evaluation, Plaintiff continued submitting sick-call requests seeking follow-up care.

81. Those requests were again answered by advising Plaintiff he had been "added to the doctor's list."

## D. Continuing Injuries and Damages

82. As a result of Defendants' conduct, Plaintiff suffered serious and continuing injuries.

83. Plaintiff continues experiencing chronic pain affecting his back, chest, ribs, spine, neck, and legs.

84. Plaintiff continues experiencing neurological symptoms, headaches, vision disturbances, memory problems, and concentration difficulties.

85. Plaintiff further experiences breathing difficulties and episodes of respiratory distress.

86. Plaintiff developed a painful hernia that has required surgical evaluation and may require surgical repair.

87. Plaintiff has been advised by medical providers within TDCJ that additional neurological evaluation by a spinal specialty unit in Galveston, Texas, is necessary.

88. Plaintiff alleges that delays in treatment contributed to physical deterioration and prolonged suffering.

89. Plaintiff further alleges that the repeated delays, denials, and interference with medical care continued throughout his confinement at the Guadalupe County Adult Detention Center until his transfer to TDCJ custody.

90. Plaintiff alleges that the repeated denial and delay of medical treatment over approximately one year and twenty days demonstrates ongoing deliberate indifference rather than isolated negligence or inadvertent error.

## E. Customs, Practices, and Policies

91. Plaintiff alleges that the constitutional violations described herein were caused by customs, practices, policies, or usages maintained by Guadalupe County and TK Health, which were the moving force behind the violations of Plaintiff's constitutional rights.

- 10 -

92. These customs and practices included recurring delays in physician evaluation through repeated "doctor's list" practices, despite serious medical complaints, visible physical impairment, and repeated notice of worsening conditions.

93. Plaintiff further alleges that jail officers and non-medical personnel routinely exercised control over detainee access to physicians and medical care.

94. Plaintiff alleges that medically untrained jail staff were permitted to interfere with or delay access to medical treatment.

95. Plaintiff further alleges inadequate training and supervision of detention and medical personnel regarding detainee medical emergencies, mobility-impaired detainees, timely physician access, and compliance with hospital discharge instructions.

96. Plaintiff alleges that these customs and practices were known to supervisory personnel and policymakers.

97. Plaintiff alleges that the recurring nature of the delays, repeated use of "doctor's list" responses, recurring medication lapses, repeated denials of timely physician evaluation, and continued involvement of multiple detention officers, nurses, medical personnel, and supervisory staff over an extended period demonstrate that supervisory officials were aware of, or deliberately indifferent to, the unconstitutional customs and practices described herein.

98. Plaintiff further alleges that the repeated and substantially similar responses to serious medical complaints demonstrate a persistent and widespread practice rather than isolated incidents involving individual employees.

99. Upon information and belief, the repeated practice of responding to serious medical complaints by advising detainees that they had been "added to the doctor's list" was not

unique to Plaintiff but was routinely utilized in response to medical complaints from other detainees housed at the facility.

100. Upon information and belief, recurring delays in physician access, medication renewals, and medical evaluation were not isolated incidents affecting Plaintiff alone, but reflected an established and persistent practice affecting detainees housed at the Guadalupe County Adult Detention Center.

101. Plaintiff further alleges that the recurring delays, repeated "doctor's list" responses, medication lapses, interference with physician access, and failures to provide timely evaluation occurred over an extended period of confinement and involved multiple detention officers, nurses, medical personnel, and supervisory staff, demonstrating a persistent and widespread practice rather than isolated acts by individual employees.

102. Plaintiff further alleges that supervisory officials and policymakers failed to adequately train and supervise detention officers and medical personnel concerning detainee medical emergencies, mobility-impaired detainees, timely access to physician care, and compliance with hospital discharge instructions.

103. Plaintiff alleges that these customs and practices constituted deliberate indifference to serious medical needs and substantial risks of harm to detainees.

104. Plaintiff further alleges that the unconstitutional customs, practices, delays, and deprivations described herein were sufficiently widespread, prolonged, obvious, and recurring that supervisory officials, including Sheriff Ray and Jail Administrator Hernandez, knew of, or were deliberately indifferent to, the substantial risk of serious harm posed to detainees and failed to take reasonable corrective action.

### F. Exhaustion of Administrative Remedies

105. Plaintiff submitted numerous written sick-call requests, grievances, complaints, and administrative requests concerning the incidents and medical issues described herein while housed at the Guadalupe County Adult Detention Center.

106. Plaintiff further submitted a formal Citizen Complaint and related requests for records and preservation of evidence concerning the matters described herein.

107. Plaintiff exhausted all administrative remedies that were available to him concerning the incidents, injuries, and medical issues described herein.

108. To the extent Defendants contend that any additional administrative remedies existed, Plaintiff alleges that such remedies were unavailable, ineffective, obstructed, incapable of providing timely relief, or otherwise inadequate within the meaning of applicable law.

## V. CLAIMS FOR RELIEF

### a. COUNT I – FOURTEENTH AMENDMENT
#### (Unsafe Conditions of Confinement)

109. Plaintiff incorporates all preceding paragraphs.

110. At all relevant times concerning the July 3, 2024 incident, Plaintiff was a pretrial detainee protected by the Fourteenth Amendment.

111. Defendants failed to maintain reasonably safe transport conditions.

112. Plaintiff was restrained and dependent upon jail personnel for safe transport assistance.

113. Defendant Wissel failed to reasonably assist or guide Plaintiff despite obvious safety risks.

114. Defendants acted objectively unreasonably under the circumstances.

115. Defendants' conduct directly and proximately caused Plaintiff's injuries.

- 13 -

## b. COUNT II – FOURTEENTH AMENDMENT
### (Deliberate Indifference to Serious Medical Needs)

116. Plaintiff incorporates all preceding paragraphs.

117. Plaintiff suffered objectively serious medical conditions following the July 3, 2024 incident.

118. Defendants repeatedly received notice of Plaintiff's serious medical needs through:

    a.  sick-call requests;

    b.  hospital discharge instructions;

    c.  direct observation;

    d.  verbal complaints; and

    e.  Plaintiff's visibly deteriorating condition.

119. Defendants denied or failed to provide adequate wound monitoring and repeatedly delayed follow-up care, treatment, pain management, staple removal, medication renewal, and physician evaluation despite actual knowledge of Plaintiff's worsening condition.

120. Defendants failed to timely follow hospital discharge instructions.

121. Defendants' actions and omissions were objectively unreasonable under the circumstances and constituted deliberate indifference to Plaintiff's serious medical needs.

122. As a direct result of these delays and failures, Plaintiff endured unnecessary pain, prolonged suffering, worsening symptoms, and delayed recovery.

123. Defendants' conduct caused unnecessary pain, prolonged suffering, and worsening injury.

- 14 -

### c. COUNT III – EIGHTH AMENDMENT
### *(Deliberate Indifference to Serious Medical Needs)*

124. Plaintiff incorporates all preceding paragraphs.

125. At all relevant times concerning the July 19, 2025 incident, Plaintiff was a convicted prisoner protected under the Eighth Amendment.

126. Plaintiff suffered objectively serious medical needs, including inability to safely walk, incapacitating pain, and significant mobility impairment.

127. Defendants repeatedly observed Plaintiff's condition and received repeated notice of Plaintiff's inability to safely ambulate.

128. Defendant Brooks denied wheelchair assistance and prevented timely access to medical care.

129. Defendants, including detention officers and medical personnel, nevertheless delayed medical treatment for multiple days despite obvious signs of serious medical distress.

130. Defendants acted with deliberate indifference to Plaintiff's serious medical needs.

131. Defendants' conduct caused unnecessary pain, prolonged suffering, and worsening physical injury.

### d. COUNT IV – *MONELL* LIABILITY
### *(Customs, Policies, Practices, and Failure to Train)*

132. Plaintiff incorporates all preceding paragraphs.

133. The constitutional violations described herein were caused by official customs, practices, policies, or usages of Guadalupe County and TK Health.

134. These customs and practices included:

   a.  recurring delays in physician evaluation;

   b.  repeated use of "doctor's list" practices despite serious medical complaints;

   c.  permitting non-medical jail staff to control access to medical care;

   d.  inadequate supervision of detention and medical personnel;

   e.  failure to timely respond to serious medical conditions;

   f.  inadequate procedures for mobility-impaired detainees;

   g.  inadequate follow-up care procedures;

   h.  failure to adequately train personnel concerning detainee medical emergencies;

   i.  permitting prescribed medications to lapse or expire without timely physician review or renewal, resulting in prolonged untreated pain and delayed medical care; and

   j.  failure to implement adequate procedures to ensure compliance with hospital discharge instructions and follow-up care recommendations.

135. Defendants' customs and practices are further evidenced by the repeated and substantially similar responses to serious medical complaints described in Paragraphs 99 through 101.

136. Defendants were deliberately indifferent to the known or obvious consequences of these customs and practices.

137. These customs, practices, failures to train, and constitutional deprivations were the moving force behind Plaintiff's injuries and damages.

## VI. DAMAGES

138. Plaintiff suffered serious physical injuries, chronic pain, neurological symptoms, mobility impairment, emotional distress, continuing medical complications, and substantial ongoing pain and suffering.

139. Plaintiff continues suffering reduced quality of life, physical impairment, pain, and emotional distress.

140. Plaintiff further alleges future medical treatment, neurological treatment, and surgical intervention may be required.

141. Plaintiff further alleges that the constitutional violations described herein were serious, extensive, prolonged, and repeated over approximately one year and twenty days, resulting in substantial physical pain, emotional suffering, and ongoing medical complications.

142. Plaintiff seeks compensatory damages in an amount to be determined by the jury.

143. Plaintiff further seeks punitive damages only against the individual Defendants for reckless or callous disregard of Plaintiff's constitutional rights.

144. Plaintiff additionally seeks:

    a.  pre-judgment interest;

    b.  post-judgment interest;

    c.  costs of court;

    d.  reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

    e.  all further relief to which he may be entitled.

## VII. JURY DEMAND

145. Plaintiff demands trial by jury on all issues triable by jury.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be served and required to appear and answer, and that upon final trial, Plaintiff recover judgment against Defendants for:

a.  Compensatory damages in an amount to be determined by the jury for physical injuries, pain and suffering, emotional distress, mental anguish, humiliation, loss of mobility, neurological injury, diminished quality of life, and continuing medical complications;

b.  Punitive damages only against the individual Defendants in their individual capacities, for reckless, callous, and deliberately indifferent violations of Plaintiff's constitutional rights;

c.  Declaratory relief declaring that the acts, omissions, customs, practices, and policies complained of herein violated Plaintiff's rights under the Constitution of the United States;

d.  Costs of court and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

e.  Pre-judgment and post-judgment interest as allowed by law;

f.  Nominal damages to the extent required; and

g.  All other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

MARK JOSEPH BOVAIRD
TDCJ # 02581405
Garza East Unit
4304 Highway 202
Beeville, Texas 78102-8998

Plaintiff, *Pro Se*

- 18 -

## VERIFICATION

I, Mark Joseph Bovaird, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual allegations contained in this Verified Original Complaint are true and correct based upon my personal knowledge, except as to matters stated upon information and belief, and as to those matters I believe them to be true.

Executed on this 18th day of _____June_____, 2026.


_____
MARK JOSEPH BOVAIRD
Plaintiff, *Pro Se*


## CERTIFICATE OF MAILING

I certify that a true and correct copy of the foregoing Original Complaint was placed in the prison mailing system for filing with the Clerk of Court on this 18th day of _____June_____, 2026.


_____
MARK JOSEPH BOVAIRD
TDCJ # 02581405
Garza East Unit
4304 Highway 202
Beeville, Texas 78102-8998

Plaintiff, *Pro Se*



# GUADALUPE COUNTY
## Sheriff Joshua Ray



## Citizen Complaint Form

*They received on Mon 5-11-26 at ~9:00 am something per POA*
*USPS Tracking # 7022 0410 0002 9414 2084*

**A Message from the Sheriff**

The citizens of Guadalupe County expect and deserve a top-tier law enforcement agency with the highest professional standards. We will seek to be professionals in every endeavor. We are in public service and entrusted with certain powers and authority by the people we serve. In executing our duties, we will be compassionate, show respect for all people, and provide an exceptional example of servanthood to our communities. Embracing innovation and modern policing standards, we will strive to excel in all aspects of our profession, providing our citizens with the absolute best in law enforcement services. We will accept accountability and ownership in all our decisions and enhance the public's trust through transparency, openness, and accountability.

The Texas Government Code (see Section 614.022 below) requires our agency to accept signed, notarized statements **(originals)** only. All signed complaints are reviewed at the executive level. If you wish to be contacted and/or notified of the status of your complaint, you may call 830-372-4587.

We value your input. Thank you for taking the time to help us serve you better.

**THIS FORM IS ONLY FOR COMPLAINTS FILED AGAINST GUADALUPE COUNTY SHERIFF'S DEPUTIES.**
If you have a complaint about a peace officer employed by any other state, county or local law enforcement agency, please contact the agency employing that peace officer.

### GOVERNMENT CODE
### Chapter 614. PEACE OFFICERS AND FIRE FIGHTERS
### Subchapter B. COMPLAINT AGAINST LAW ENFORCEMENT OFFICER OR FIRE FIGHTER

Sec. 614.021. APPLICABILITY OF SUBCHAPTER. (a) Except as provided by Subsection (b), this subchapter applies only to a complaint against: (1) a law enforcement officer of the State of Texas, including an officer of the Department of Public Safety or of the Texas Alcoholic Beverage Commission; (3) a peace officer under Article 2.12, Code of Criminal Procedure, or other law enforcement officer who is appointed or employed by a political subdivision of this state; ...

Sec. 614.022. COMPLAINT TO BE IN WRITING AND SIGNED BY COMPLAINANT. To be considered by the head of a state agency or by the head of a fire department or local law enforcement agency, the complaint must be: (1) in writing; and (2) signed by the person making the complaint.

| Office Use Only: |
| --- |
| Date/Time Received: _____ Initials: |

## Complainant Information

To file a complaint against a peace officer of the Guadalupe County Sheriff's Office, please provide all the information requested on this form. Briefly describe the incident involving you and the deputy. The Sheriff or his designee will review the completed form. To ensure a fair and thorough investigation, additional information may be required. Also, it may be necessary to speak with you directly about this matter. NOTE: By agency policy, this form must be notarized.

Mark Joseph Bovaird, TDCJ #02581405

Your Name

5-5-26

Date

Garza East Unit 4304 Hwy 202    Beeville    TX    78102

Address                    City                State    Zip Code

01/27/1964    Male    N/A

DOB        Sex    Driver License No. & State

N/A            N/A            N/A

Phone: Home    Work If needed please contact my Agent in Fact,    Cell

John Hernandez 830-556-1874

Follow-up Request    Yes ☒    No ☐    N/A

Email Address

Provide as much information as you can about the circumstances of your complaint.

## Incident and Deputy Information

7-3-2024
7-19-2025    ~ 9:00 am
~ 3:00 am    Guadalupe County Jail, Seguin, TX

Date of Incident    Time of Incident    Location

Deputy Wissel and Supervisors and Medical Staff (7-3-24)
Corporal Brooks female officer Espinosa and Medical Staff and Supervisors (7-19-25)

Deputy's Name                Deputy's Badge No. & Rank

Badge #'s unknown

## Witness Information

7-3-24 Injury
Inmate Joseph Sandoval and Booking Dept Rank/officers and Medical Staff

Name

Unknown            TX

Address        City        State    Zip Code

Unknown

Phone: Home        Work        Cell

7-19-25 Injury
Officer's Espinosa and Scott/Supervisors and Medical Staff

Name

N/A

Address        City        State    Zip Code

N/A

Phone: Home        Work        Cell

IMPORTANT – Please read the following statement: Texas Penal Code Title 8, Sec. 37.02. PERJURY.

It is a criminal offense in the State of Texas for a person, with the intent to deceive and with knowledge of the statement's meaning, to make false statement under oath or swear to the truth of a false statement previously made and where that statement is required or authorized by law to be made under oath. This crime is punishable as a Class A misdemeanor.

This criminal offense may be enhanced as a 3rd degree Felony if the person commits perjury, as defined above, and the false statement is made during or in connection with an official proceeding; and is material.

Guadalupe County Sheriff's Office • 2617 N. Guadalupe St. • Seguin, TX 78155 • (830) 379-1224 • www.GuadalupeTX.gov

Describe the incident and the nature of your complaint below. (Use additional copies of this page, if necessary.)

Multiple – July 3, 2024 and July 19, 2025 (see attached Sworn Statement)

Sick Call Requests:
- 46366936I
- 46368846I
- 46404922I
- 46431186I
- 46431404I
- 46466263I
- 46621739I
- 46944684I
- 47090664I
- 47304990I
- 47798208I
- 48732659I
- 49076172I
- ~~58366~~ 58360633I
- 58492188I

Page_____ of _____ pages.

Describe the incident and the nature of your complaint below.

Multiple-See attached Sworn Statement for
July 3, 2024 and July 19, 2025

Page_____ of _____ pages.

_____
Affiant

Subscribed and sworn before me by _____

on this 5th day of, May 2026

Garza East does not provide
copies, nor do they notarize
copies-Sheriff's Office has notarized
Original

Notary Public for the State of Texas

**Mail this form (or Deliver) to:**
Guadalupe County Sheriff's Office
Attn: Internal Investigations
2617 North Guadalupe Street
Seguin, Texas 78155-7356

**SEAL**

Guadalupe County Sheriff's Office • 2617 N. Guadalupe St. • Seguin, TX 78155 • (830) 379-1224 • www.GuadalupeTX.gov

# EXHIBIT A — SWORN STATEMENT

# (Citizen Complaint Narrative)

**Complainant:** Mark Joseph Bovaird

**Facility at Time of Incidents:** Guadalupe County Jail

**Current Location:** Texas Department of Criminal Justice

---

## I. Background

I am submitting this sworn complaint regarding two incidents that occurred while I was housed at the Guadalupe County Jail in Seguin, Texas, involving deputies, supervisory personnel, and medical staff employed by the Guadalupe County Sheriff's Office.

This complaint concerns unsafe custodial practices resulting in serious bodily injury and the failure to provide adequate medical care following those events. The second incident occurred after I had already sustained injuries and while I was experiencing ongoing mobility limitations, as well as other documented symptoms related to the first incident.

---

## II. Incident of July 3, 2024

On or about July 3, 2024, while in custody at the Guadalupe County Jail, I sustained a head injury and bodily trauma during a transport incident involving a vehicle that I understood to be a former animal control or "dog" transport van.

While restrained with chains at the waist and ankles, I was not assisted into the vehicle by Deputy Wissel, who failed to guide or assist me. Due to poor lighting in the garage area, the absence of reflective caution markings, lack of interior lighting within the transport vehicle, and a low-hanging doorway, I struck my head and fell from approximately the second step of the vehicle, landing on my left side.

As a result of this fall, I experienced severe pain, a brief loss of consciousness, and symptoms consistent with a concussion, as well as breathing difficulty and injuries including head trauma and pain affecting my spine, neck, and ribs. I was transported to Guadalupe Regional Medical Center for evaluation, where imaging and treatment were performed, including the placement of staples in my scalp.

Although diagnostic imaging did not identify acute fractures or intracranial bleeding, I experienced ongoing and worsening symptoms after returning to the facility, including headaches, blurred

vision, memory difficulties, breathing problems, mobility limitations, and other neurological symptoms.

I submitted multiple sick call requests seeking medical attention for these symptoms, including two Sick Call requests submitted the same day following my return from Guadalupe Regional Medical Center.

This incident occurred approximately one year prior to the second incident and is included as background information demonstrating prior injury and ongoing medical concerns while in custody.

## III. Incident of July 19, 2025 (Primary Complaint)

On or about July 19, 2025, while still in custody at the Guadalupe County Jail, I suffered a slip incident caused by a hazardous condition involving standing water that had not been properly cleaned while I was already experiencing significant medical issues, including mobility limitations related to injuries sustained during the July 3, 2024 transport incident.

On the morning of this incident, as a result, I experienced a sudden loss of function in my left leg and was unable to bear weight or safely stand. The night officer was aware of the incident, and during the morning shift change I verbally reported my condition to the floor officer, who advised that he had notified the medical department and his supervisors.

As my condition continued throughout the day without medical evaluation, I submitted a sick call request electronically on the tablet at approximately 3:31 p.m., reporting severe and incapacitating leg pain. This request was closed at approximately 5:52 p.m. by staff member B. Flores with a response indicating that I had been added to the doctor's list.

Several days later, I was advised that I was "next" to see the doctor and was instructed by a floor officer to prepare to go to the medical department. At that time, I remained unable to safely walk due to the condition of my left leg. I requested mobility assistance, including the use of a wheelchair. The floor officer relayed this request to supervisory and medical staff.

My request for mobility assistance was denied by Corporal "Big" Brooks without any medical evaluation being conducted. Corporal Brooks informed me that I would not be provided a wheelchair and that, if I wished to be seen by medical staff, I would be required to walk to the medical department despite my condition. I was further informed that no staff would come to evaluate me in my housing area.

I again advised that I was unable to safely walk without assistance and expressed concern that I would suffer further injury. My request was again denied, and I was told that I would have to walk if I wanted to receive medical care.

Shortly thereafter, a floor officer returned and advised me that he had been instructed by Corporal Brooks not to take me to the medical department for evaluation. Approximately two additional

days passed before I was ultimately seen by a doctor, despite having been told that I was next on the list.

During the period from July 19 through July 23, 2025, while I was awaiting evaluation, nursing staff conducted routine medication pass rounds in my housing area twice daily. During these interactions, I remained visibly impaired and continued to experience severe leg pain and an inability to walk. Despite these repeated interactions and my visibly impaired condition, no effort was made to provide immediate evaluation or facilitate timely access to medical care.

On or about July 23, 2025, I was evaluated by a physician, who indicated that he wanted to follow up with me in two days. After returning to my housing area, I submitted another sick call request electronically at approximately 12:00 p.m. requesting follow-up care. This request was read and closed on July 24, 2025 at approximately 2:16 a.m. by staff member C. Castillo with a response stating that I had been added to the doctor's list.

Prior to this incident, I had repeatedly informed both medical and custody staff through sick call requests and daily interactions that I was experiencing severe pain, numbness, and weakness in my left leg, as well as pain affecting my ribs, neck, back, and spine. I also continued to experience symptoms from the July 3, 2024 incident, including vision disturbances, difficulty concentrating, memory issues, headaches, auditory issues, and other ongoing conditions.

---

## IV. Ongoing Medical Issues

Following these incidents, I experienced ongoing symptoms, including:

- A painful hernia that has required surgical evaluation and will require surgical repair;
- Severe headaches;
- Vision disturbances;
- Memory and concentration difficulties;
- Nosebleeds;
- Auditory and ear-related disturbances;
- Chronic pain affecting my back, chest, neck, and ribs;
- Episodes of breathing difficulty, including sensations of suffocation associated with my left lung; and
- Ongoing neurological issues, for which I have been advised by medical providers at TDCJ that further evaluation by a spinal cord specialty unit in Galveston, Texas is necessary.

These symptoms persisted for months, and some continue to the present. They were documented by me in writing through subsequent sick call requests.

---

## V. Failure to Provide Adequate Medical Care

Despite the seriousness of my injuries and symptoms, I did not receive timely or adequate diagnostic evaluation or follow-up care prior to my transfer from the Guadalupe County Jail. I also requested mobility assistance, including wheelchair access, due to significant difficulty walking and inability to safely ambulate; these requests were denied.

After my return from Guadalupe Regional Medical Center on July 3, 2024, jail personnel and jail medical staff were provided with written discharge instructions directing the following care:

- Control pain with Tylenol or Motrin as directed;
- Keep the affected area clean and dry;
- Monitor the head wound for signs of infection;
- Remove scalp staples within 7-10 days;
- Follow up with a primary care physician for further evaluation and treatment; and
- Return to the emergency room if my condition worsened.

Despite these instructions and my repeated sick call requests, I was not provided timely follow-up evaluation. My head wound was never inspected or monitored for infection, even after I submitted multiple written requests and Sick Call Requests. Staple removal was delayed beyond the recommended timeframe.

I submitted numerous sick call requests seeking evaluation and follow-up care, including two requests on the same day I returned from the hospital. Rather than being promptly evaluated, I was placed on a list to see a doctor, despite reporting that my symptoms had worsened. This same response—that I had been "added to the doctor's list" without timely evaluation—occurred repeatedly throughout both incidents.

Although I had been instructed to keep the affected area clean and dry, I was later advised in a sick call response that it was acceptable to wet the affected area only a few days after the incident.

I also requested placement in a medical bed position similar to what had provided relief at the hospital due to difficulty breathing and severe pain; this request was denied.

I was not consistently taken for medical evaluation despite repeated requests. I also requested access to my medical records and imaging results but did not receive them prior to my transfer.

I requested access to diagnostic imaging related to my injuries, including X-rays taken at the hospital and at the jail facility. Despite repeated requests, I was not permitted to review these materials. At various times, I was told that the hospital had not taken X-rays, that the jail would obtain them, and later that additional X-rays had been taken at the jail; however, none were provided to me.

In a sick call response, I was advised by medical staff, identified as "M. Jahns," that I would need to obtain a lawyer in order to access my X-rays and related medical records.

In addition, after the July 3, 2024 incident, I was placed on a list to see a doctor but was not evaluated despite my repeated requests. I submitted additional sick call requests documenting that I had been placed on the doctor's list but had not been seen.

Based on these events, I am concerned that my medical needs were not appropriately addressed and that relevant medical records, discharge instructions, imaging reports, and related documentation were not properly followed, maintained, or made available to me.

I am further concerned that delays in evaluation and treatment may have contributed to the worsening of my condition over time.

## VI. Request for Investigation

I respectfully request that the Guadalupe County Sheriff's Office conduct a full internal investigation into:

1. The circumstances of the July 3, 2024 transport incident;

2. The actions of deputies and staff involved in the July 19, 2025 incident, including the denial of mobility assistance;

3. The circumstances surrounding my injuries arising from both incidents;

4. The medical care provided following these events; and

5. The preservation and review of all relevant evidence, including video recordings, reports, medical documentation, garage lighting conditions, any work orders or repairs related to lighting improvements following the July 3, 2024 incident, including any training or retraining records required of jail personnel in response to that incident, as well as any records maintained in electronic, digital, or physical form.

## VII. Oath

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: 5-5-26

Mark Joseph Bovaird

TDCJ # 02581405


STATE OF TEXAS
COUNTY OF ____Bee____


BEFORE ME, the undersigned authority, on this day personally appeared **Mark Joseph Bovaird**, who, being by me duly sworn, stated that the facts contained in the foregoing sworn statement are true and correct to the best of his knowledge.


SUBSCRIBED AND SWORN TO BEFORE ME on this 5th day of ____May____, 2026.

TDCJ does not make copies nor do they notarize copies. Sheriff's office has notarized original
Notary Public, State of Texas



My Commission Expires: _____